IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**KEVIN MICHAEL GREEN,**

        **Petitioner,**

**v.**                                                 **Case No. 1:18-cv-01293**

**WARDEN, FCI HAZELTON,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and his Motion for Summary Judgment (ECF No. 17).

**RELEVANT PROCEDURAL HISTORY**

**A.**    **Petitioner's criminal proceedings.**

Petitioner is incarcerated at the Federal Correctional Institution, Hazelton, in Hazelton, West Virginia, serving a 330-month term of imprisonment imposed by the United States District Court for the Eastern District of Kentucky, following his guilty plea on December 17, 2009, on two counts of Armed Bank Robbery Involving Kidnapping, in violation of 18 U.S.C. § 2113(a), (d), and (e), and two counts of Using or Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A), arising out of two separate bank robberies, one in London, Kentucky on June 24, 2004 (hereinafter "the

Kentucky charges"), and the other in Harrogate, Tennessee on February 4, 2005 (hereinafter "the Tennessee charges"). Separate charges were initially filed in the United States District Court for the Eastern District of Kentucky and the United States District Court for the Eastern District of Tennessee. However, Petitioner consented to have the Tennessee charges transferred to the Kentucky court for prosecution.

Following his guilty plea to all of the charges, on June 30, 2010, Petitioner was sentenced to a term of 180 months on the Kentucky bank robbery count and 84 months on the Kentucky 924(c) count, which were to run concurrently. *United States v. Green*, No. 6:09-cr-00040-GFVT-1, ECF No. 133. Petitioner was also sentenced to 180 months on the Tennessee bank robbery count, which was to run concurrently with the sentences for the Kentucky offenses, and a consecutive 150-month sentence on the second 924(c) count. *United States v. Green*, No. 6:09-cr-00074, ECF No. 18. Petitioner unsuccessfully appealed his Judgments to the United States Court of Appeals for the Sixth Circuit. *United States v. Green*, Nos. 10-5844 and 10-5845 (6th Cir. June 21, 2011). The appeal included a challenge to Petitioner's 924(c) convictions and sentences based upon double jeopardy. *Id.*

On June 22, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in which he challenged the voluntariness of his guilty plea and enforceability of his plea agreement. The Kentucky District Court denied the 2255 motion, finding that Petitioner's guilty plea was knowing and voluntary, that the waiver provision contained in his plea agreement was enforceable, and that Petitioner had not demonstrated ineffective assistance of counsel. *Green v. United States*, Case No. 6:12-cv-7224-GFVT. Petitioner was subsequently denied authorization to file a second or successive section 2255 motion. *In re Kevin Michael Green*, No. 16-5780 (6th Cir. Mar.

2

22, 2017).

Petitioner filed the instant section 2241 petition on September 12, 2018, while he was incarcerated at FCI McDowell in Welch, West Virginia. The section 2241 petition raised one ground for relief asserting that, in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Petitioner's section 924(c) convictions and sentences were improper and in violation of his Fifth Amendment right to due process.

On June 6, 2019, Petitioner filed a motion for leave to amend his section 2241 petition to add a claim arising under section 403 of the First Step Act of 2018. (ECF No. 9). The undersigned granted the motion for leave to amend and will address the merits of the claim herein. On July 10, 2019, Petitioner filed an Addendum to his section 2241 petition (ECF No. 13), in which he reiterates his claim under section 403 of the First Step Act (improperly listed as section 402) and requests a hearing thereon, with appointment of counsel. Finally, on August 28, 2019, Petitioner filed a Motion for Summary Judgment (ECF No. 17), in which he requests what amounts to a default judgment due to Respondent's failure to file any response to his amended petition.

## ANALYSIS

### A.   Petitioner's Motion for Summary Judgment.

The undersigned begins with the Petitioner's Motion for Summary Judgment (ECF No. 17), in which he requests summary judgment because Respondent has not filed any response to his initial petition or the amendments thereto. However, the court has not ordered a response to the amended petition and Respondent had no obligation to respond unless ordered to do so by the court.

3

The burden to show that he is in custody in violation of the Constitution is on Petitioner. Habeas relief is not granted simply upon the filing of a petition. Petitioner's Motion for Summary Judgment is tantamount to a request for a default judgment, which is disfavored in such proceedings and exceptionally rare. *See, e.g., Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981); *Lind v. Ballard*, No. 2:14-cv-26284, 2016 WL 11483825, at *5 (S.D. W. Va. Apr. 27, 2016), *report and recommendation adopted*, 2016 WL 5346950 (S.D. W. Va. Sept. 23, 2016) (a finding of forfeiture or waiver of a response in a section 2254 proceeding does not automatically entitle the petitioner to habeas relief); *Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852328, at *3 (S.D. W. Va. Jan. 14, 2015) (collecting cases supporting proposition that default judgment is improper in habeas corpus proceedings), *report and recommendation adopted by* 2015 WL 852335 (S.D. W. Va. Feb. 26, 2015). Summary judgment in a habeas corpus proceeding is not warranted unless the claimant first establishes "his claim or right to relief by evidence satisfactory to the court[.]" *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984).

Thus, to obtain summary judgment, a petitioner must demonstrate,e based upon the merits of the claims, that "judgment in his favor is warranted **as a matter of law**." *Santillana,* 2015 WL 852328, at * 3 (emphasis in original). Thus, the undersigned proposes that the presiding District Judge **FIND** that Respondent had no obligation to respond to the amended petition herein and there are no grounds for summary judgment for Petitioner on that basis alone.

    **B.**     **Petitioner's claims concerning his 924(c) convictions.**

Petitioner's amended petition asserts two claims for relief concerning his 924(c) convictions and sentences. First, he contends that both 924(c) convictions were improper after the Supreme Court's decisions in *Johnson* and *Dimaya, supra.* Second, he contends

4

that he is entitled to relief concerning his consecutive 150-month sentence on his second 924(c) conviction under section 403 of the First Step Act of 2018.

*Johnson/Dimaya/Davis claim*

On June 26, 2015, subsequent to Petitioner's direct appeal and while his 2255 motion was pending, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the ACCA is void for vagueness and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.

On April 18, 2016, the Supreme Court determined that *Johnson* affected the substantive reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Accordingly, federal criminal defendants who can demonstrate that the residual clause of the ACCA arguably affected their sentence may seek relief under section 2255.

On April 17, 2018, the Supreme Court decided *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), holding that the residual clause contained in 18 U.S.C. § 16(b) is void for vagueness under a similar analysis to that in *Johnson*. And, more importantly, on June 24, 2019, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended the *Johnson* vagueness analysis to the residual clause contained in 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Court rejected the government's argument that section 924(c)(3)(B)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. *Id.* at 2327-2336. Thus, the Court determined that, similar to the ACCA and

section 16(b), section 924(c)(3) requires a categorical approach to determining whether a crime meets either the force clause contained in subsection (A) or the residual clause contained in subsection (B). Therefore, for the same reasons found by the Court in *Johnson* and *Dimaya*, the residual clause contained in section 924(c)(3)(B) has been declared void for vagueness. *Id.* at 2336; s*ee also United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (finding that the residual clause of section 924(c) is unconstitutionally vague based upon *Dimaya*).

Petitioner relies upon these Supreme Court decisions to assert that his 924(c) convictions and enhanced sentences were imposed in violation of his due process rights. Thus, although not specifically stated by Petitioner, he appears to be asserting that the residual clause contained in 924(c)(3)(B) was used to determine that his Armed Bank Robbery Involving Kidnapping convictions were crimes of violence, and that such crimes would not otherwise be sufficient to support his 924(c) convictions.

Petitioner's claim clearly challenges the validity of his 924(c) convictions and sentences, and not the manner in which the sentences are being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Kentucky. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or

ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.

The United States Court of Appeals for the Fourth Circuit previously established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. More recently, the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Thus, whether making a challenge to a conviction itself, or the accompanying sentence, a petitioner must satisfy each of these criteria in order to have their claim reviewed under section 2241.

In the instant matter, Petitioner cannot satisfy the criteria of either *Jones* or *Wheeler* with respect to his claims based on *Johnson, Dimaya,* and *Davis* because, in light of *Welch*, those decisions are <u>new rules of constitutional law</u> that may be applied retroactively on collateral review. Consequently, Petitioner should be able to meet the gatekeeping provisions of section 2255 in order to raise this claim, if at all, in a second or successive 2255 motion filed in his sentencing court.[1] Therefore, he cannot meet the third prong of the *Jones* or *Wheeler* standards. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks jurisdiction to consider this claim under section 2241.

### *First Step Act claim*

Section 403 of the First Step Act of 2018, P.L. 115-391, December 21, 2018, 132 Stat. 5194, § 403(a), amended the language of 18 U.S.C. § 924(c)(1)(C), which requires a

---

[1] Petitioner must seek and receive authorization from the United States Court of Appeals for the Sixth Circuit before he may properly pursue such relief in his court of conviction. Petitioner's prior application for such authorization was denied because he relied solely on *Johnson*, and the vagueness analysis addressed therein had not been extended to the residual clause of section 924(c) at that time. In light of *Davis*, which extends such analysis to section 924(c), Petitioner may be able to again seek authorization to file a second or successive section 2255 motion. Absent such authorization, however, it appears that it would be futile for this court to treat the instant petition as a 2255 motion and transfer it to Petitioner's sentencing court.

mandatory minimum 25-year sentence for second or subsequent 924(c) offenses, and permitted "stacking" of sentences for multiple 924(c) counts arising out of the same conviction, to now allow stacking only where a prior 924(c) conviction was final at the time of the instant offense. *Id.* Petitioner's amendments to his section 2241 petition contend that this court may treat section 403 of the First Step Act as new retroactive substantive law that creates a fundamental defect in his sentence, such that he is entitled to pursue relief from his sentence in this court under section 2241 using the savings clause contained in 28 U.S.C. § 2255(e).

Again, however, Petitioner cannot meet the criteria of *Wheeler* in order to pursue this claim under section 2241 in this court because section 403 of the First Step Act is not retroactive. *See* § 403(b) (applying the change only "if a sentence for the offense has not been imposed as of such date of enactment"); *See also United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment'") (quoting First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018)) (alteration in original); *United States v. White*, No. 93-cr-97 (BAH), 2019 WL 3719006, * 18 (D.D.C. Aug. 6, 2019) ("Sections 401, 402, and 403 are, thus, not retroactively applicable to those already sentenced."); *Richmond v. Burnhart*, No. 6:19-cv-000654-REW, 2019 WL 2127304 (E.D. Ky May 15, 2019) (dismissing 2241 petition asserting claim under section 403 of First Step Act because not retroactively applicable change in substantive law); *Midkiff v. Warden, FCI Edgefield*, No. 8:19-cv-00077-TMC, 2019 WL 4894234, *4 (D.S.C. Oct. 4, 2019) (In relying on section 403 of the First Step Act, "Midkiff cannot satisfy Wheeler's requirement that the "substantive law changed and was deemed to apply retroactively on collateral review."). Accordingly, the

undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks jurisdiction to consider this claim under section 2241.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Motion for Summary Judgment (ECF No. 17) and **DISMISS** the petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 9 and 13) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

October 24, 2019

Dwane L. Tinsley
United States Magistrate Judge