# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**KEVIN MICHAEL GREEN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:18-01293**

**WARDEN, FCI HAZELTON,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on October 24, 2019, in which he recommended that the district court deny plaintiff's motion for summary judgment, dismiss plaintiff's amended petition under 28 U.S.C. § 2241 and dismiss this civil action from the court's docket for lack of jurisdiction.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Green timely filed objections to the PF&R. See ECF No. 23. With respect to those objections, the court has conducted a de novo review.

On December 19, 2009, in the United States Court for the Eastern District of Kentucky, Green pled guilty to two counts of Armed Bank Robbery Involving Kidnapping, in violation of 18 U.S.C. § 2113(a), (d), and (e), and two counts of Using or Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). Green's convictions stem from two separate bank robberies, one in London, Kentucky, on June 24, 2004, and the other in Harrogate, Tennessee, on February 4, 2005. Green consented to have the Tennessee charges transferred to the Kentucky court for prosecution.

Green was sentenced to a term of imprisonment of 180 months on the Kentucky bank robbery count and 84 months on the Kentucky 924(c) count, sentences to run concurrently. A sentence of 180 months was imposed on the Tennessee robbery count, also to run concurrently with the sentence imposed on the Kentucky charges. A sentence of 150 months on the second 924(c) count was imposed to run consecutively to the sentence imposed on the other counts, for a total sentence of 330 months.

Magistrate Judge Tinsely ultimately concluded that Green's claim based upon <u>Johnson</u>, <u>Dimaya</u>, and <u>Davis</u> was not cognizable in a § 2241 petition because Green should be able to meet the gatekeeping provision of section 2255 in order to raise this claim, if at all, in a second or successive 2255 motion filed in the sentencing court.

Plaintiff's objections are difficult to decipher. Furthermore, to a large degree, they do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting the deficiencies identified in the PF&R.

As Magistrate Judge Tinsley correctly noted, Green challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. <u>See</u> <u>Hahn v. Moseley</u>, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional,

alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is

4

inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A

5

section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

With respect to his claim under Johnson, Dimaya, and Davis, Magistrate Judge Tinsley concluded that plaintiff could satisfy the gatekeeping provisions of § 2255 because those decisions are new rules of constitutional law that may be applied retroactively on collateral review.  Green objects to the PF&R's ultimate conclusion that this claim is not cognizable in § 2241.  Green does not really grapple with the analysis in the PF&R detailing why he is unable to proceed under the savings clause on this claim but, instead, points the court to his claim under the First Step Act.  Green's objection is **OVERRULED.**

As to Green's claim under the First Step Act, Magistrate Judge Tinsley concluded that Green was not entitled to relief because § 403 of the Act is not retroactive.  Once again, Green objects to the PF&R's ultimate conclusion but does not point to any specific error in its analysis.  Just this month, the United States Court of Appeals considered § 403 of the Act and concluded that it did not apply to a defendant whose case was pending on direct appeal when the First Step Act was enacted.  United States v. Jordan, ___ F.3d ___, 2020 WL 1022420, *10 (4th Cir. Mar. 3, 2020).  Of the reach of § 403, the court explained:

Jordan's final argument also concerns his § 924(c) sentences.  At the time Jordan was sentenced, it was clear that § 924(c)'s sentencing regime mandated a five-year mandatory minimum sentence for a first conviction and a 25-year consecutive mandatory minimum for a second, even when both convictions arose from a single proceeding, see Deal v. United States, 508 U.S. 129, 137, 113 S. Ct. 1993, 124 L. Ed.2d 44 (1993), and Jordan was sentenced accordingly, to a five-year prison term on his first § 924(c) conviction and to 25 years on his second.  But while Jordan's case was pending on appeal, Congress enacted the First Step Act, which amends § 924(c) so that the 25-year mandatory minimum for a second or subsequent offense applies only when a prior conviction under § 924(c) already "has become final."  Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222.  Under the First Step Act, in other words, the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.  According to Jordan, the First Step Act should apply to him on appeal, which would mean that his second § 924(c) conviction would be subject only to a five-year sentence, not to the 25-year sentence he is serving.

This question is governed by the text of the First Step Act, which provides that § 403(a)'s "amendments" to § 924(c) "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  § 403(b), 132 Stat. at 5222 (emphasis added).  Jordan was sentenced by the district court in October of 2017, more than a year before the "date of enactment" of the First Step Act in December of 2018.  So the question is whether Jordan's sentence was "imposed" for purposes of § 403(b) when the district court entered his sentence – in which case the First Step Act would not apply to him – or whether, as Jordan argues, it will not be "imposed" until it becomes final after direct appeal – in which case he should get the benefit of the First Step Act on this appeal.  Like the government, we think Jordan's sentence

7

> was "imposed" in the district court, rendering § 403(a) inapplicable to his case.

Id. at *8. As the court summed it up:

> Any reduction in criminal penalties will pose difficult line-drawing questions when it comes to retroactivity. Here, Congress decided to extend the more lenient terms of § 403(a) of the First Step Act to some but not all pre-Act offenders, with the date of sentencing in the district court drawing the line between those who are covered and those who are not.

Id. at *10.

Green's sentence was imposed on June 30, 2010, long before the First Step Act was enacted. Accordingly, he is not entitled to relief under § 403. See United States v. Melvin, 777 F. App'x 652, 653 (4th Cir. Sept. 20, 2019) ("Although the First Step Act altered the circumstances under which 18 U.S.C. § 924(c) offenses are subject to enhanced mandatory minimum sentences,. . . . Congress expressly limited the retroactivity of that provision to offenses for which sentence was not yet imposed as of the First Step Act's date of enactment[.]"); see also Willingham v. United States, No. 19-12207, 2020 WL 1053098, *2 (11th Cir. Mar. 4, 2020) ("Section 403 of the First Step Act provides expressly that the amendment to section 924(c) applies only to defendants not yet sentenced when the Act was enacted. . . . Willingham was sentenced in September 2015: more than three years before Congress enacted the First Step Act on 21 December 2018. By its plain language, section 403 is thus inapplicable to Willingham.

The district court concluded correctly that it lacked authority to reduce Willingham's sentence pursuant to section 403."); United States v. Hamilton, No. 17-10490, 2020 WL 362943, *2 (9th Cir. Jan. 22, 2020) ("Section 403 of the First Step Act excludes Hamilton because his sentence has already been `imposed.'"). Green's objection is **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's motion for summary judgment, **DISMISSES** plaintiff's amended petition under 28 U.S.C. § 2241, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2020.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge